*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1620**

In re the Civil Commitment of:
Aron Michael VanWagner

**Filed May 2, 2016
Affirmed
Peterson, Judge**

Anoka County District Court
File No. 02-P5-99-009303

Aron VanWagner, Moose Lake, Minnesota (pro se appellant)

Anthony C. Palumbo, Anoka County Attorney, Lisa Jones, Assistant County Attorney, Anoka, Minnesota (for respondent Anoka County)

Considered and decided by Kirk, Presiding Judge; Peterson, Judge; and Schellhas, Judge.

## UNPUBLISHED OPINION

**PETERSON**, Judge

Appellant challenges the district court's denial of his motions for (1) relief from the judgment of civil commitment pursuant to Minn. R. Civ. P. 60.02 and (2) a temporary restraining order. We affirm.

## FACTS

Appellant Aron Michael VanWagner was indeterminately committed as a sexually dangerous person (SDP) to the Minnesota Sex Offenders Program (MSOP) on February

22, 2000. VanWagner did not have an evidentiary hearing on the county's petition for civil commitment but stipulated that he met the criteria for commitment as an SDP. In 2002, VanWagner sought provisional or full discharge from commitment before the special review board, which denied his petition on July 23, 2002.

In 2015, the federal district court issued an order determining that the Minnesota Civil Commitment and Treatment Act (MCTA) was unconstitutional, both facially and as applied. *Karsjens v. Jesson (Karsjens I)*, 109 F. Supp. 3d 1139 (D. Minn. 2015). Following the issuance of this order, VanWagner filed motions for a temporary restraining order (TRO) and preliminary injunction pursuant to Minn. R. Civ. P. 65.01-.02 and for relief from a final judgment pursuant to Minn. R. Civ. P. 60.02(d)-(f). VanWagner argued that because the MCTA is unconstitutional, his commitment was unlawful ab initio. VanWagner requested a TRO "modifying commitment to release from judgment upon sworn conditions agreed to" and relief from the judgment of commitment under rule 60.02(d)-(f). The district court denied his motions, and this appeal followed.

In the federal action, the district court held a "remedies phase" in which parties and various state officials were invited to formulate solutions to the MCTA problems. The state refused to offer proposals and instead filed a brief arguing generally that there were federalism concerns and that the proposed remedies were improper. *Karsjens v. Jesson (Karsjens II)*, 2015 WL 6561712, at *5 (D. Minn. Oct. 29, 2015) (slip op.). The court nevertheless ordered the state to take a series of actions regarding MSOP. *Id.* at *16-17. The federal district court later denied defendants' motion for a stay of the order. *Karsjens v. Jesson (Karsjens III)*, 2015 WL 7432333, at *7 (D. Minn. Nov. 23, 2015). On December

15, 2015, the Eighth Circuit Court of Appeals stayed the October 29, 2015 order pending appeal.

## D E C I S I O N

Relying on the *Karsjens* decisions, VanWagner argues that the district court erred in denying his motions because the federal district court issued a final decision finding Minn. Stat. §§ 253D.01-.36 (2014) unconstitutional facially and as applied. But *Karsjens I, II,* and *III* are not final decisions. None of the opinions suspends enforcement of the MCTA or orders immediate release of committed individuals. In *Karsjens I*, the federal district court ordered the parties and representatives to participate in a "Remedies Phase." 109 F. Supp. 3d at 1178. The federal district court describes *Karsjens II* as the "First Interim Relief Order" and orders the defendants to take certain actions. 2015 WL 6561712, at *16-17. *Karsjens III* denies the defendants' request for a stay or suspension of the first interim relief order. 2015 WL 7432333, at *7.

The Eight Circuit Court of Appeals granted a stay of the first interim relief order. *See* Fed. R. App. P. 8(a)(2). An appellate court has the "inherent" authority "to hold an order in abeyance while it assesses the legality of the order." *Nken v. Holder*, 556 U.S. 418, 426, 129 S. Ct. 1749, 1756 (2009). A stay of judicial proceedings "simply suspends judicial alteration of the status quo." *Id.* at 429, 129 S. Ct. at 1758 (quotation omitted). By this reasoning, the Eighth Circuit's stay of the *Karsjens II* order suspends the effectiveness of that order. VanWagner cannot rely on a stayed interlocutory order as a basis for relief.

Even the plain language of *Karsjens I* fails to support VanWagner's requested relief. Although VanWagner argues that he merely seeks to vacate a commitment that he asserts

3

was impermissible ab initio, the result would be discharge from MSOP. The federal district court stated that the MSOP program "will not be immediately closed," the decision is not "about the immediate release of any single committed individual," and some individuals will remain confined at MSOP. *Karsjens I*, 109 F. Supp. 3d at 1144, 1175.

Because the federal district court's orders are stayed, there is no final judgment that entitles VanWagner to relief. We therefore affirm the district court's order denying relief.

**Affirmed.**